**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elizabeth MARTINEZ and Mario Valladares, Defendants–Appellants.**

No. 89–5335.

United States Court of Appeals, Eleventh Circuit.

June 27, 1990.

Charles L. Jaffee, Ft. Lauderdale, Fla., for Elizabeth Martinez.

Steven B. Dolchin, Hollywood, Fla., for Valladares.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Dawn Bowen, Linda C. Hertz, Thomas A. Watts–Fitzgerald, Asst. U.S. Attys., for the U.S.

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

Before KRAVITCH, Circuit Judge, RONEY * and ALDISERT **, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

Elizabeth Martinez and her fiance Mario Valladares were convicted of conspiring to violate and on six occasions violating the Arms Export Control Act (AECA), 22 U.S.C.A. § 2778, based on their non-licensed exports of video signal descramblers which are included on the United States Munitions List, 22 C.F.R. § 121. The sole point asserted on this appeal is that such devices are not military in character and therefore do not belong on the Munitions List. Holding that the political question doctrine renders the propriety of an item's placement on the Munitions List a non-justiciable issue in Federal court, we affirm.

Defendants formed Pan–American Import Export, Inc. in Miami, Florida and began to export electronic systems designed to permit reception of television programming via satellite through the descrambling of pay television signals in conjunction with a home satellite receiver. They knew that the Videocipher II was a controlled item whose export required proper licensing, which they did not obtain, and they employed false invoicing and other schemes to avoid detection. They argue, nevertheless, that the inclusion of "cryptographic devices and software (encoding and decoding)" [1] on the list is overbroad because this heading includes items already in the public domain whose dissemination would pose no security threat, and which lack any characteristic that is inherently or predominantly military.

The Arms Export Control Act authorizes the President of the United States to control the export of articles affecting the

1. Munitions List, 22 C.F.R. § 121, Category XIII(b).

national security. 22 U.S.C.A. § 2778(a)(1).[2] The regulations implementing this authority provide that the designation of items for the Munitions List be "made by the Department of State with the concurrence of the Department of Defense." 22 C.F.R. § 120.2. Such designations are to be "based primarily on whether an article ... is deemed to be inherently military in character." 22 C.F.R. § 120.3.[3]

Relying principally upon the constitutional framework of the separation of powers between the coordinate branches of Government, the Supreme Court has recognized that some questions are so inherently political as to be excluded from judicial review. *Baker v. Carr*, 369 U.S. 186, 210, 82 S.Ct. 691, 706, 7 L.Ed.2d 663 (1962). Where, as here, the controversy involves Presidential and Congressional handling of a foreign affairs matter, the political question doctrine routinely precludes judicial scrutiny. 16 Am.Jur.2d *Constitutional Law* § 170 (1979). The Supreme Court has, for example, declined to evaluate the credentials of a foreign diplomat, *In re Baiz*, 135 U.S. 403, 10 S.Ct. 854, 34 L.Ed. 222 (1890), or to determine whether one ratifying a treaty in behalf of a foreign nation had the power to do so, *Doe v. Braden*, 57 U.S. (16 How.) 635, 14 L.Ed. 1090 (1854), or whether a new nation should be recognized, *United States v. Palmer*, 16 U.S. (3 Wheat.) 610, 4 L.Ed. 471 (1818), or whether a state of war exists, *The Divina Pastora*, 17 U.S. (4 Wheat.) 52, 4 L.Ed. 512 (1819), or whether a treaty was broken, *Ware v. Hylton*, 3 U.S. (3 Dall.) 199, 1 L.Ed. 568 (1796), or whether the President properly refused to grant a foreign air flight license, *Chicago & Southern Air Lines v. Waterman SS. Corp.*, 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568 (1948), because the conduct of foreign affairs lay at the heart of each case.

The question whether a particular item should have been placed on the Munitions List possesses nearly every trait that the Supreme Court has enumerated traditionally renders a question "political." *See Baker v. Carr*, 369 U.S. at 217, 82 S.Ct. at 710. No satisfactory or manageable standards exist for judicial determination of the issue, as defendants themselves acknowledge the disagreement among experts as to whether Videocipher II belongs on the List. *Coleman v. Miller*, 307 U.S. 433, 454–55, 59 S.Ct. 972, 982, 83 L.Ed. 1385 (1939). Neither the courts nor the parties are privy to reports of the intelligence services on which this decision, or decisions like it, may have been based. *Chicago & Southern Air Lines*, 333 U.S. at 111, 68 S.Ct. at 436. The consequences of uninformed judicial action could be grave. Questions concerning what perils our nation might face at some future time and how best to guard against those perils

> are delicate, complex, and involve large elements of prophecy. They are and should be undertaken only by those directly responsible to the people whose welfare they advance or imperil. They are decisions of a kind for which the Judiciary has neither aptitude, facilities nor responsibility and which has long been held to belong in the domain of political power not subject to judicial intrusion or inquiry.

*Id.*

Indeed, Congress has recently amended AECA to shield the contents of the Muni-

---

**2.** Title 22 U.S.C.A. § 2778(a)(1):

In furtherance of world peace and the security and foreign policy of the United States, the President is authorized to control the import and the export of defense articles and defense services and to provide foreign policy guidance to persons of the United States involved in the export and import of such articles and services. The President is authorized to designate those items which shall be considered as defense articles and defense services for the purposes of this section and to promulgate regulations for the import and export of such articles and services. The items so designated shall constitute the United States Munitions List.

**3.** Title 22 C.F.R. § 120.3 further provides:

Whether [an item] has a predominantly military application is taken into account. The fact that an article or service may be used for both military and civilian purposes does not in and of itself determine whether it is subject to the export controls of this subchapter.... The intended use of the article or service after its export (i.e., for a military or civilian purpose) is also not relevant in determining whether the export is subject to the controls of this subchapter.

tions List from judicial review.[4] Although it is unclear whether the statutory amendment applies to this case, it is clear that the amendment supports the judicially developed doctrine here applied.

Defendants do not assert that Congress lacks power to place restrictions on exports. They do not contend that the statute under which they were prosecuted violates any right secured to them by the Constitution. They interpose no defense of justification. They do not question that administrative and congressional avenues were available to them for securing removal of Videocipher II from the Munitions List. Instead, they ask the Judicial Branch of Government to excuse conduct which they knew to be criminal, based on their disagreement with a political decision made by the Executive Branch of Government.

The political decision concerning the defense of this country is not judicially reviewable.

AFFIRMED.

---

**4.** Public Law 101–222, 103 Stat. 1892 ("Anti–Terrorism and Arms Export Amendments Act of 1989"), signed into law only after the conviction, sentence, and appellate briefing in this case, added the following provision, now codified at 22 U.S.C.A. § 2778(h):

The designation by the President (or by an official to whom the President's functions under subsection (a) have been duly delegated), in regulations issued under this section, of items as defense articles or defense services for purposes of this section shall not be subject to judicial review.